UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JEFF BUSTER,** | ) | **Case No. 1:09 CV 1953** |
| | ) | |
| Plaintiff, | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **CITY OF CLEVELAND, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants' Motion to Dismiss ("Motion"). (**ECF No. 20.**) The Court has reviewed the Motion, Plaintiff Jeff Buster's opposition brief (ECF No. 23), Defendants' reply brief (ECF No. 25) and the entire record, and concludes, for the reasons to follow, that the Motion must be **granted in part and denied in part**. Specifically, the Court grants the Motion as to all claims and parties with the exception of the third cause of action (i.e., the excessive force claim) against Defendant Officers Michael Veltre and Michael Herron and Sergeant Reese in their individual capacities.

**I.**

On August 19, 2009, *Pro Se* Plaintiff Jeff Buster filed the above-captioned action under 42 U.S.C. §§ 1983, 1985, and 1988 against the City of Cleveland, the Cleveland Department of Public Safety, the Cleveland Police Department, Cleveland Police Officer Michael Veltre, Cleveland Police Officer Michael Herron, Cleveland Police Sergeant Reese, Cleveland City Hall

Security Officer Ernest Dalton, Cleveland City Hall Employee James Olenik, Cleveland Municipal Court Clerk of Courts Earle B. Turner, Cleveland Municipal Court Deputy Clerk John Doe #1, Cleveland Law Director Robert Triozzi, Cleveland Assistant Prosecutor John Doe #2, Cleveland City Prosecutor Victor Perez, Cleveland Department of Safety Assistant Director Laura T. Palinkas, and Cleveland City Jail Intake Employee John Doe #3. In the Complaint, plaintiff alleged he was arrested and prosecuted without probable cause, and sought monetary and injunctive relief.

On September 16, 2009, the Court issued an Order notifying Buster that the Complaint, as written, may be subject to dismissal for failure to state a claim upon which relief may be granted. (ECF No. 5.) He was ordered to amend the Complaint to set forth a cognizable claim for relief within thirty (30) days from the date of the Order. (Id. at 1.) He was further notified that if a legally sufficient amended complaint was not filed within the time permitted, the action may be dismissed. *Catz v. Chalker*, 142 F.3d 279 (6th Cir. 1998); *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983). (Id. at 2.) Buster filed an Amended Complaint on October 13, 2009. (ECF No. 7 ("Am. Compl.").)

The Amended Complaint alleges that Buster was arrested while taking photographs on the first floor lobby of Cleveland City Hall by Officers Veltre and Herron on August 22, 2007. He indicates that the officers made the handcuffs excessively tight and then used them to escort him from the room. He claims the steel edge of the handcuffs cut into his wrists and drew blood. He further contends that as he was being led from the room, the strap on his sandal broke, causing the sandal to drag along behind his foot. His camera lens was knocked to the floor. Buster requested permission to fix his shoe and retrieve the lens. His request was denied. The

defective footwear made it difficult for him to navigate the stairs to the booking area in the basement of City Hall. Furthermore, when he asked the officers' supervisor, Sergeant Reese, to adjust the handcuffs, Sergeant Reese refused to do so, stating, "your handcuffs will be removed at the jail." (Am. Compl. ¶ 54.)

In the booking area, Buster was asked to provide his name, address, date of birth, and social security number. He contends he provided his name, address, and date of birth under protest, but stated he had the right to refuse to give his social security number. He indicates he also informed the officers that he had not memorized his social security number. He was told he would not be released unless he provided a social security number. He was charged with aggravated disorderly conduct and resisting arrest, and was subsequently taken to the Justice Center and booked into the Cleveland jail.

Buster's wife attempted to gain his release from the Justice Center. Buster alleges his wife was told that he would be released if she provided his social security number. She complied; however, Buster was not immediately released from jail. Instead, he was transferred from the Justice Center to a jail in the Cleveland Police 2nd District. There, he was required to post bond, and arrange for transportation from jail. He was released in the afternoon of August 23, 2007, just over 24 hours after his arrest.

A criminal complaint was filed against Buster in the Cleveland Municipal Court. Buster claims he was "overcharged" with four offenses: obstruction of official business, resisting arrest, aggravated disorderly conduct, and criminal trespass. (Am. Compl. at 9.) He claims the Municipal Court Deputy Clerk, John Doe #1, and the Assistant Prosecutor, John Doe #2 signed

the complaint "knowing each and every one of the four complaints were false." (Am. Compl. at 9.) Buster was tried on the charges in December 2007 and was acquitted.

Buster asserts claims against the City of Cleveland, alleging that the City did not follow its usual and customary practices. He indicates he was a "first time offender in the City of Cleveland." (Am. Compl. at 10.) He claims it is the customary and usual practice of the City to offer a diversionary program to first time offenders. He indicates he was not given this option, in spite of repeated requests to speak with the prosecutor.

Buster asserts that Defendants Dalton and Olenik provided false, misleading "field reports" that were prepared with the assistance of prosecutors and were used by the prosecution at trial. He asserts that Dalton provided testimony regarding his report at the trial. He asserts that security video tapes were viewed by Defendants Dalton and Reese. He contends Reese proclaimed them to be "not helpful" and the tapes were not retained. He contends he made a public records request to Defendant Cleveland Law Director Triozzi and Cleveland Assistant Director of Public Safety Laura Palinkas. He states that video tapes were not provided to him, that he was not informed that a tape ever existed, and that Triozzi failed to protect the tape.

Buster asserts that he issued a subpoena to Palinkas. He indicates she did not personally come to the trial, but instead sent another employee of the Department of Public Safety. Buster asserts that the employee had only been with the department for a few weeks and was unfamiliar with the facts of the case, and that the failure to provide Palinkas was "intended to obstruct justice." (Am. Compl. ¶ 61.)

Based on these allegations, Buster asserts six causes of action. In the first cause of action, Buster claims the defendants violated his right to free speech protected by the First

-4-

Amendment when they arrested him for photographing the interior of City Hall. Conversely, the second cause of action asserts that defendants violated his Fourth Amendment right against unreasonable searches and seizures when they arrested him for photographing the interior of City Hall. In the third cause of action, Buster contends that the defendants violated his Fourth Amendment rights by using excessive force during his arrest. In the fourth cause of action, Buster claims he had a right "under the due process clause of the Fourteenth Amendment to the United States Constitution, to remain in a public place of his choice." (Am. Compl. at 18.) The fifth cause of action asserts that the City of Cleveland is liable to Buster for policies, customs, and practices that condone the violation of the aforementioned constitutional rights. In the sixth cause of action, Buster claims the defendants violated "Sec 7, Public Law 93,579" by requiring him to provide his social security number. (Id. ¶ 100.) He seeks compensatory and punitive damages.

Defendants thereafter filed the pending Motion to Dismiss (ECF No. 20), followed by Plaintiff's filing of an opposition brief (ECF No. 23) and Defendants' filing of a reply brief (ECF No. 25). The Court has reviewed the briefs and the entire record and is prepared to issue its ruling.

**II.**

Defendants seek to dismiss the entire complaint pursuant to Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. "The first step in testing the sufficiency of the complaint is to identify any conclusory allegations." *Doe v. Simpson*, No. C-1-08-255, 2009 WL 2591682, at *1 (S.D. Ohio Aug. 19, 2009) (citing *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009)). 550 U.S. 544, 555 (2009)). "Threadbare recital

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 120 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Simpson*, 2009 WL 2591682, at *1 (quoting *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 550). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. More is required than "unadorned, the-defendant-unlawfully-harmed me accusations." *Id*.

For the reasons stated below, the only claims that survive the pending Motion to Dismiss is the third cause of action against Defendants Veltre, Herron and Reese in their individual capacities.

### III.

**A.     42 U.S.C. § 1983**

    **1.     Claims Against Certain Entities**

Buster has agreed to dismiss the claims against the Cleveland Department of Public Safety and the Cleveland Police Department (ECF No. 23, at 1), presumably because these entities are not *sui juris* and cannot be sued and the claims asserted against them constitute claims against the City of Cleveland.

### 2. Official Capacity Claims

The Court dismisses the claims against the individual defendants in their official (not individual) capacities as a matter of law because a claim against a public servant in his official capacity imposes liability on the office he represents. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). Accordingly, the Court will construe the claims asserted against the individual defendants in their official capacities as claims against the City.

### 2. Claims Against Defendants Perez, Turner, Palinkas and John Does

The pleadings contain insufficient allegations pertaining to the actions of Earle B. Turner, John Doe #1, John Doe #2, Victor Perez, Laura Palinkas, and John Doe #3. For instance, with respect to Defendant Turner, the Amended Complaint states, in its entirety:

> 14. DEFENDANT Earle B. Turner is an individual and the Cleveland Municipal Clerk of Courts and was involved with issuing criminal complaints against Buster.
>
> \*   \*   \*
>
> 62. Defendants Triozzi, Perez, and Turner are licensed attorneys in the State of Ohio.

Buster cannot establish the liability of a defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Amended Complaint simply contains insufficient facts which reasonably associate these defendants to any of the claims set forth by plaintiff, who are dismissed for this reason alone.

Moreover, Victor Perez and John Doe #2 are absolutely immune from damages. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).

A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id*. Suits against prosecutors could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, No. 05-2458, 2006 WL 2661092, at *6-7. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id.* at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002). In this instance, the challenged actions of the Cleveland Municipal court prosecutors were all intimately associated with the judicial phase of Buster's criminal trial. Consequently, Defendant Perez and John Doe are entitled to absolute immunity as well.

Similarly, Earle B. Turner and John Doe #1 are entitled to quasi-judicial immunity from damages for constitutional violations when they perform tasks that are an integral part of the judicial process. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Immunity applies to all acts of auxiliary court personnel that are "basic and integral parts of the judicial function," unless those acts are done in the clear absence of all subject matter jurisdiction of the court. *Mullis v. U.S. Bankruptcy Court, Dist of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Buster asserts that Turner has an obligation to review criminal complaints for probable cause, and argues that "a

-8-

genuine issue of material fact exists about Turner's awareness of his subordinates' failure to "independently examine" Veltre's "statements and evidentiary support thereof." (ECF No. 23, at 4.) Turner is a court administrator and, as a matter of law, neither he nor his subordinates review criminal complaints for probable cause. Indeed, if either he or his subordinates reviewed criminal complaints for probable cause, they would be acting "in the clear absence of all subject matter jurisdiction." Rather, criminal complaints are reviewed for probable cause by prosecuting attorneys, judges and magistrate judges. These defendants who did are alleged not to have reviewed the criminal complaints for probable cause are, therefore, entitled to quasi-judicial immunity.

> Regarding Defendant Palinkas, the Amended Complaint states:
>
> > 60. Buster presented a subpoena on Palinkas to appear at trial and Palinkas did not appear at trial. Instead of Palinkas appearing to testify at trial, a Department of Public Safety employee, who had been employed only a few weeks and knew nothing of the matter, was sent by Public Safety.
> >
> > 61. . . . the failure to provide Palinkas at trial constitutes fraud, wantonness, oppression, or the entire want of care and was intended to obstruct justice.

(Am. Compl. ¶ 60.) It does not enhance these insufficient, conclusory complaint allegations for Buster to argue, in an opposition brief, that "a reasonable inference is that Palinkas knew that exculpatory evidence had been destroyed . . . and agreed to not [sic] appear as a witness." (ECF No. 23, at 4.) These type of allegations and argument are pure speculation and insufficient to overcome a motion to dismiss. The proper recourse for not appearing for a subpoena lies with the trial court. Apparently, the trial court took no action against Defendant Palinkas for not appearing and sending a substitute for the subpoena. In any event, allegations against Palinkas

for sending a substitute to appear for her at trial, along with speculative conclusory allegations, fails to state a claim for relief under Rule 12(b)(6).

### 3. First and Second Causes of Action – First and Fourth Amendment Claims

Plaintiff's first and second causes of action fail to state a claim upon which relief may be granted. Buster contends, without explanation, that he "had a federally protected right under the freedom of speech and assembly provisions of the United States constitution . . . to non-violently occupy and conduct photography in the public areas of the City of Cleveland City Hall at the time of his seizure." (Am. Compl. ¶ 72.) He claims that his seizure for allegedly exercising his First Amendment rights was therefore unreasonable.

As stated above, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 550). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. More is required than "unadorned, the-defendant-unlawfully-harmed me accusations." *Id*.

The Amended Complaint does not provide factual content that allows the court to draw the reasonable inference that the defendants are liable for the misconduct alleged. Despite taking advantage of the opportunity to amend his complaint, Buster does not provide any factual background describing the events leading up to his arrest. Nor does he state what the City's policy is regarding bringing cameras into City Hall, what the policy is regarding taking pictures there, whether he was taking pictures in an area where the general public is permitted to take pictures, whether he was taking pictures in an area where the general public is not permitted to

take pictures, whether he was taking pictures in an area where the general public is not normally permitted to take pictures but where he had received permission to take pictures, etc.[1] Because Buster has failed to assert anything other than conclusory allegations regarding the first and second claims, they are dismissed. *Id*.

### 4. Third Cause of Action – Fourth Amendment Excessive Force Claim

In the third cause of action, Buster alleges that Officers Veltre and Herron employed excessive force when they arrested him, and that Sergeant Reese violated the Fourth Amendment when he denied Buster's request to adjust the handcuffs to stop the bleeding.

"The Fourth Amendment prohibits unduly right or excessively forceful handcuffing during the course of a seizure." *Morrison v. Bd. of Trustees of Green Tp*., 583 F.3d 394, 401 (6th Cir. 2009) (citation omitted). "In order for a handcuffing claim to survive summary judgment, a plaintiff must offer sufficient evidence to create a genuine issue of material fact that: (1) he or she complained the handcuffs were too tight; (2) the officer ignored those complaints; and (3) the plaintiff experienced "some physical injury" resulting from the handcuffing." *Id*.

Here, Buster claims that Officers Veltre and Herron excessively tightened the handcuffs when arresting him, alternately pulled him backward by one or the other of his arms causing the steel edges of the cuffs to cut both of his wrists and bloody his shirttails. He asserts that his sandal came undone while the officers were escorting him through the lobby, that they denied his request to fix his sandal causing him to stumble, and that they basically dragged him down a flight of stairs to the basement where he remained handcuffed in the same manner. Buster

---

[1]The Court notes in passing that, for obvious security reasons, people are not permitted to bring cameras into this courthouse without advance express permission.

-11-

asserts that Sergeant Reese denied his request to adjust the handcuffs, stating, "your handcuffs will be removed at the jail." Reviewing these allegations in a light most favorable to Buster, he has stated a claim against Officers Veltre and Herron and Sergeant Reese. Accordingly, the third cause of action against Officers Veltre and Herron and Sergeant Reese in their individual capacities survives the pending Motion to Dismiss.

### 5. Fourth Cause of Action – Fourteenth Amendment Due Process Claim

The only cause of action that reasonably can be attributed to Cleveland Law Director Robert Triozzi,, Cleveland City Hall Employees Ernest Dalton, James Olenik, and Cleveland Police Sergeant Reese (aside from the excessive force claim, that is) is a due process claim for providing unfavorable witness statements and failing to produce a security tape. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the state of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id.*

It is not clear whether Buster intends to assert a claim for denial of procedural due process, substantive due process, or both. To the extent he intends to assert a procedural due process claim, it is subject to dismissal. He must plead and prove either that he was deprived of liberty or property as a result of an established state procedure that itself violates due process

rights; or that the defendants deprived him of liberty or property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). Buster is not challenging an established state procedure, statute or local ordinance. Instead, he is asserting the defendants failed to produce a video security tape due to unauthorized acts of the defendants.

To state a procedural due process claim based upon alleged unauthorized acts of the defendants, Buster must also plead and prove that state remedies for redressing the wrong are inadequate. *Macene*, 951 F.2d at 706; *Vicory*, 721 F.2d at 1064. Buster claims that Ernest Dalton and James Olenik provided unfavorable witness statements which he believes to be inaccurate. He also contends that Robert Triozzi, Sergeant Reese, Ernest Dalton, James Olenik failed to protect a security video tape. The fundamental requirement of due process is notice and the opportunity to be heard. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (*quoting Grannis v. Ordean*, 234 U.S. 385, 394 (1914)). All of these issues could have been argued and asserted in the course of the criminal proceedings against him. Whether Buster presented these issues is unknown; however, he was acquitted of all of the charges. He has not claimed the state remedy was inadequate. As a matter of law, therefore, he has not stated a claim for denial of procedural due process in his fourth cause of action.

To the extent Buster intended to assert a substantive due process claim, it, too, is subject to dismissal. Under the doctrine of substantive due process, various portions of the Bill of Rights have been incorporated into the Fourteenth Amendment's limits on the power of the states as being "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325

(1937). Due process claims of this nature involve official acts which cause a deprivation of a substantive right specified in the Constitution or a federal statute. *Mertik v. Blalock*, 983 F.2d 1353,1367 (6th Cir. 1993). In addition, under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a state agent. *Id.* at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id*. Buster does not assert a deprivation of another right specified in the Constitution and does not allege conduct so severe that it shocks the conscience. Thus, a claim for denial of substantive due process in his fourth cause of action must also be dismissed.

    **6.**  **Fifth Cause of Action – Monnell Claim Against the City**

Local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs*., 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision

-14-

officially adopted by that body's officers." *Id*. at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

The complaint contains no suggestion of a custom or policy of the City of Cleveland which may have resulted in the deprivation of a federally protected right of the plaintiff.  Buster states in a generic recitation that the City of Cleveland "had in effect certain explicit and de facto policies, practices and customs which were applied to the treatment of persons engaged and/or arrested by City of Cleveland Police."  (Am. Compl. at 18.)  He further alleges that the City "failed to adequately train properly or supervise properly each and all of the individual defendants named (including DOE 1,2, and 3) above."  (Am. Compl. at 20.)

As noted above, a pleading must more than unadorned, "the defendant unlawfully harmed me" accusations.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id*.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.  *Id*.  There are no facts in the Amended Complaint that reasonably describe a specific policy or custom of the City of Cleveland that violated Buster's constitutional rights.  Instead, he merely recites the elements of a cause of action to hold the City of Cleveland responsible for the actions of its employees.  This is precisely the type of claim that is not actionable in a § 1983 action.  Thus, the fifth cause of action is dismissed.

### 7. Sixth Cause of Action – Sec 7, Public Law 93,579 Claim

Finally, in the sixth claim, Buster alleges "Sec 7, Public Law 93,579" was violated when he was forced to provide a social security number.  As an initial matter, he fails to identify the individual who made this request.  A particular defendant can only be held liable if the plaintiff

demonstrates that he or she was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Accordingly, the claim must be dismissed for this reason alone.

Moreover, Buster states he has the right to keep his social security number private and the "acts and omissions of the defendants herein proximately caused the deprivation of the protected privacy rights of the plaintiff." (Am. Compl. at 21.) Section 7 of Public Law 93,579 makes it unlawful for a federal, state or local government agency to deny a right or benefit to a person who fails to provide a social security number. This section does not appear to apply to the facts asserted in the Amended Complaint, providing another reason for dismissal.

Even assuming without deciding that bail can be classified as a "right or benefit" of an arrestee, the legislation includes an exemption for local government entities maintaining a system of records, operating before January 1, 1975, if such disclosure is used to verify the identity of the individual. Since the unnamed defendants were presumably verifying Buster's identification, any alleged claim would appear to fall within the statutory exemption and would be dismissed on that basis as well.

**B.    42 U.S.C. § 1985**

Buster asserts that defendants violated 42 U.S.C. § 1985. To establish a violation of § 1985, a plaintiff must allege that the defendants conspired together for the purpose of depriving the plaintiff of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). The acts that allegedly

-16-

deprived the plaintiff of equal protection must be the result of racial or class-based discrimination." *Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir.2003) (citing *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir.1992)). A plaintiff fails to state an adequate claim if his allegations are premised upon mere conclusions and opinions. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Finally, Buster must make sufficient factual allegations to link two or more alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993) (holding that plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds).

Buster has failed to properly allege a conspiracy claim pursuant to § 1985 . He makes only conclusory allegations that the Defendants acted in concert and has failed to include specific allegations suggesting an agreement between two or more persons, or a meeting of the minds. Moreover, there is no indication in the pleading that Buster was the victim of racial or class-based discrimination. Absent these allegations, Buster has not stated a claim for relief under 42 U.S.C. § 1985.

**IV.**

For the foregoing reasons, all of Buster's claims are dismissed with prejudice except the third cause of action against Defendants Veltre, Herron and Reese in their individual capacities.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                           */s/ Dan A. Polster     January 21, 2010*
                           **Dan Aaron Polster**
                           **United States District Judge**